IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNETTE RAMSEY, # B-82889 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-866-JPG |
| | ) |
| THOMAS GIBBONS, ESQ., and | ) |
| ROBERT HERTZ, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff Arnette Ramsey, currently incarcerated at Graham Correctional Center, in the Central District of Illinois, is serving a five year sentence for Involuntary Manslaughter by ATV/Boat. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Gibbons, the Madison County State Attorney at the time of Plaintiff's underlying conviction, and Defendant Hertz, Sheriff of Madison County, Illinois. The conduct at issue took place over two years prior to Plaintiff filing this case.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>  (2) seeks monetary relief from a defendant who is immune from such relief.

Upon review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**<u>Defendant Gibbons</u>**

Ramsey states that between July 27, 2010 and September 28, 2010 authorities falsely arrested him in the Madison County Jail in Edwardsville, Illinois. He states he was convicted and granted probation. Ultimately, Plaintiff claims his charges were dismissed. However, he complains that he was not able to file charges against his accuser. While the nature of Plaintiff's complaint about any part of the proceedings is not specified, it is clear that Gibbons is entitled to absolute immunity under these circumstances.

The Supreme Court has recognized that prosecutors may be, but are not always entitled to absolute immunity, depending upon the function the defendant was performing. *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993). In *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976), the Supreme Court held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. In contrast, if the prosecutor was acting more in an investigatory capacity, the prosecutor would only be entitled to the qualified immunity afforded to law enforcement officials. *Buckley,* 509 U.S. at 269-270. The complaint only alleges that after Plaintiff's conviction was apparently dismissed, Plaintiff was not allowed to file his own charge. These allegations pertain only to Gibbon's duties in that respect, thereby entitling him to absolute immunity. Therefore, the claim(s) against Defendant Gibbons shall be dismissed with prejudice.[1]

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 481-482, 487 (1994), dictates that when a claim for damages would "necessarily" undermine an existing conviction the damages claim is not cognizable until the conviction has been invalidated—it must be dismissed. Because the Court has determined that absolute immunity protects Defendants from suit, *Heck* is not addressed by the Court.

**Defendant Hertz**

Plaintiff makes no allegations against Defendant Hertz, Sheriff of Madison County. Plaintiff states generally that he was falsely arrested, but does not describe any conduct on the part of Sheriff Hertz.  "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  Defendant has made no colorable claim against Defendant Hertz and the claim(s) against this Defendant shall be dismissed with prejudice.

**Disposition**

The claims and the entire action against Defendants **GIBBONS** and **HERTZ** are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE** this case and final judgment shall enter**.**

**IT IS SO ORDERED.**

DATED:   August 22, 2012

       *s/J. Phil Gilbert*
       United States District Judge