UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARNETT RAMSEY,

    Plaintiff,

        v.

THOMAS GIBBONS and ROBERT HERTZ,

    Defendants.

Case No. 12-cv-866-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Arnett Ramsey's motion for three copies of an unspecified motion (presumably his motion to proceed *in forma pauperis* (Doc. 3), since that is the only motion he has previously filed in this case) and for more time to submit a motion for leave to proceed *in forma pauperis* (Doc. 8).  The Court dismissed this case with prejudice on August 22, 2012.

Ramsey does not need more time to file a motion for leave to proceed *in forma pauperis*. The Court received his first motion (Doc. 3) in a timely manner.

Additionally, Ramsey has not convinced the Court it should give him free copies of any document in the file.  Litigants have no constitutional right to a complimentary copy of any document in their court files.  *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993).  Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action.  *See*

*United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Ramsey has not shown he cannot pay for three copies of his motion. His motion is five pages long, including the letter he sent accompanying the motion. Three copies of the motion at fifty cents per page comes to $7.50. His trust fund statement shows that Arnett has more than $7.50 in his trust fund account. More importantly, Ramsey has not shown that he needs copies of his motion for a specific, non-frivolous court action.

For these reasons, the Court **DENIES** Ramsey's motion (Doc. 8).

**IT IS SO ORDERED.**
**DATED: September 12, 2012**

                s/J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**